## HORNSBY et al. v. RUDE.
### No. 3921.

Court of Civil Appeals of Texas. Texarkana.

Nov. 26, 1930.

Rehearing Denied Dec. 4, 1930.

J. Lee Zumwalt and John T. Gano, both of Dallas, for appellant.

Etheridge, McCormick & Bromberg, of Dallas, for appellee.

LEVY, J.

The appellant, John W. Hornsby, as receiver of the property of the Popular Amusement Company, a corporation, brought the suit on September 29, 1927, against I. Rude, seeking judgment as is shown by the prayer of the petition, viz.:

"That he (the receiver) have and recover of and from the defendant the full amount of his (defendant Rude) unpaid stock subscriptions and the further sum of $50,000.00 damages due to the gross and negligent mismanagement (of the corporate business) by the defendant (Rude) as aforesaid (as an officer and director) and the sum of $2,600.00 as the profits from the operation of the said business (an opera and play-house) and the sum of $7,600.00 paid as rentals to the defendant and in the alternative that he be decreed to have title to said building (moving picture show) and the premises upon which it is situated or an undivided interest therein and that it be partitioned or that the plaintiff have a lien upon said property and premises and that it be foreclosed."

The defendant, Rude, on November 14, 1927, filed an answer consisting of demurrer and general denial.

Thereafter D. J. Patrick, as trustee in bankruptcy, filed on February 1, 1929, a petition in intervention setting up that the Popular Amusement Company had been duly adjudicated on March 7, 1928, a bankrupt, and that he had been appointed trustee, and, adopting the allegations and the prayer of the petition of John W. Hornsby as receiver, prayed further that the court decree that "he

(as trustee in bankruptcy) is entitled to succeed to all the rights of the plaintiff herein."

On January 4, 1930, the defendant, I. Rude, appeared by amended answer to the suit, and in which he set up in due order of pleading five different grounds, as he asserted, "for abatement of the suit." The grounds for abatement of the suit stated in substance that: (1) There had not been any determination in the bankruptcy proceedings of the necessity for and the amount of stock assessments; (2) the trustee in bankruptcy, and not the receiver plaintiff, is the necessary and proper party to the suit and "the said suit should be abated as to the said John W. Hornsby receiver"; (3) "it is apparent from the pleadings of intervener if there is any cause of action against defendant then the same belongs to the bankrupt estate of the Popular Amusement Company, and John W. Hornsby, receiver, has no interest therein and D. J. Patrick trustee for said bankrupt estate should not be allowed to prosecute this suit as an intervenor and is not a proper party in the capacity in which he sues as intervenor"; (4) there is "a misjoinder of parties plaintiff in that the said John W. Hornsby receiver is no longer entitled to prosecute, and this suit should be abated"; (5) a plea of res adjudicata. The judgment of the court recites:

"On this January 8th, A. D. 1930, at a regular term of this court came on regularly to be heard the above entitled and numbered case, and came the parties plaintiff, intervenor and co-plaintiff, and defendant, each in person and by their attorneys, in which John W. Hornsby, Receiver for the Popular Amusement Company as plaintiff, and D. J. Patrick, Trustee in the matter of the Popular Amusement Company, bankrupt, as intervenor and co-plaintiff, and I. Rude as defendant, and announced ready for trial. And thereupon came on to be heard the general demurrer and special exceptions of the intervenor and co-plaintiff (here follows the ruling of the court thereon). And thereupon the defendant I. Rude presented to the court his pleas in abatement Nos. 1, 2, 3, 4, and 5, filed herein on January ——, 1930, and thereupon the court received evidence thereon and heard the arguments thereon of the plaintiff, of the said intervenor and co-plaintiff, and of the said defendant, and after hearing said evidence and argument, the court is of the opinion that the said pleas in abatement filed by the defendant Nos. 1, 2, 3, 4, and 5, and each of them, should be sustained in the order shown and so presented. It is therefore ordered, adjudged and decreed that the said defendants pleas in abatement Nos. 1, 2, 3, 4, and 5, and each of them, be and they are hereby in all things sustained in the order shown and so presented—It is therefore ordered, adjudged and decreed that this suit in its entirety as to all parties and all causes of action and each of them be and the same is hereby dismissed and the said defendant I. Rude go hence without day and recover his costs herein."

The points presented on appeal involve only the ruling upon the plea in abatement of the defendant, I. Rude.

 It can be assumed that the first four grounds alleged were insufficient to justify the dismissal of the cause of action, yet the fifth ground alleged of res adjudicata did warrant, if proven, the judgment of dismissal. There is a distinction between a plea in abatement and a plea in bar. A plea of res adjudicata is essentially a plea, not merely in abatement, but in bar of the cause of action itself. The present plea set up the former judgment in cause of Phil H. Pierce Co. v. I. Rude et al., as affirmed by the Court of Civil Appeals of the Fifth District at Dallas in 291 S. W. 974. In that suit, as alleged in the present plea, there was finally determined the following matters: "That said lease was in all things valid, proper and legal; that there was no fraud in connection with it; that there was no corporate mismanagement on the part of I. Rude; that I. Rude had paid all of his stock subscriptions in full; that the corporation was indebted to I. Rude for rent; that I. Rude converted all the personal property of said corporation except the organ, and offset the value of the property so converted against a portion of I. Rude's claim for rent; and that the corporation had no right, title nor interest in and to the building or real property and awarded I. Rude a judgment for the balance of his rent in the sum of eight thousand and some odd dollars; foreclosed his lien on the organ and denied a receivership. By reason of all which, this defendant shows that each and all of the matters set up in plaintiff's and intervener's suit and petition are res adjudicata, and that this suit should be abated and this court should take no further cognizance thereof." Such allegations are substantially as broad as the allegations in the present plaintiff's suit. There is no statement of facts in the record, and we must presume that the evidence heard by the court, as the judgment recites was done, supports the judgment of the trial court.

The judgment is affirmed.